

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

v.

DEMARIO CASTRICONE,

          Defendant.

───────────────────────────────

1:20-CR-00133 – LJV-MJR

DECISION AND ORDER

This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 17). Before the Court are omnibus pre-trial motions by defendant Demario Castricone ("defendant"). (Dkt. No. 27). The Government also filed a cross-motion for discovery. (Dkt. No. 28). The Court's decisions as to the various non-dispositive motions and discovery demands are set forth in detail below.

## BACKGROUND

On September 9, 2020, a federal grand jury returned an Indictment charging defendant with one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of extortion under New York law, in violation of 18 U.S.C. § 1952(a)(3) ["Travel Act"]. (Dkt. No. 15). The Indictment alleges that, beginning on September 13, 2019 and continuing until on or about December 19, 2019, defendant engaged in a scheme to extort a sum of $18,000 in United States currency from a known victim. (*Id.*).

Defendant has filed omnibus pre-trial motions seeking, *inter alia*, to modify a protective order for discovery materials and compel the disclosure of *Brady/Giglio*

material, as well as additional discovery demands. (Dkt. No. 27). The Government filed a response to defendant's motions and made a cross-motion for reciprocal discovery. (Dkt. No. 28). Defendant filed a reply to that response. (Dkt. No. 30).

The Court heard oral argument on the motions on February 17, 2021 and considered the matter submitted. The Court's decisions as to defendant's omnibus motions are set forth in detail below.

## DISCUSSION

1.  *Motion to Modify Protective Order*

Defendant moves to modify a protective order which was entered by this Court upon consent of the parties on March 30, 2020. (Dkt. No. 27, pgs. 4-8). The protective order currently in place provides that the Government will disclose certain documents and recordings, including law enforcement agency reports (redacted FBI FD 302s), text communications between the defendant and victim/confidential source, and consensual recordings of conversations between the defendant and victim/confidential source, to defense counsel, with the condition that they will not be disclosed to the defendant or the disseminated to the public and will be provided "for attorney's eyes only."[1] (Dkt. No. 5).

Defendant asserts that he is entitled to discovery of these documents and recordings under Rule 16, which expressly provides that records must be made available for inspection and copying by the defendant. *See* Fed. R. Crim. P. 16(a)(1)(B) and (a)(1)(E). However, Rule 16(d) provides that protective and modifying orders may be issued by the Court based on "good cause [to] deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Applying the "good cause" standard requires

---

[1] The current protective order, which was entered prior to the indictment in this case, allows defendant to move to modify the order in the event of such an indictment. (Dkt. No. 5, pg. 2).

2

courts to balance several interests, including whether dissemination of the discovery materials inflicts "hazard to others," and whether "the imposition of the protective order would prejudice the defendant." *United States v. Smith*, 985 F. Supp. 2d 506, 522 (S.D.N.Y. 2013) (internal citations and quotations omitted). Good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006). As the party seeking the protective order, the Government bears the burden of showing good cause in this instance. *See In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987) ("The party seeking a protective order has the burden of showing that good cause exists for issuance of that order […].").

Defendant requests that the Court modify the protective order to allow him access to the discoverable materials with a continued prohibition against public dissemination. Defendant argues that this proposed modification is warranted based on the following circumstances: (1) the identity of the alleged victim is well-known to defendant; (2) defendant has been out of custody since the case began and there are no allegations of improper conduct or contact with the victim during this time; and (3) the proposed modification serves the Government's interest in protecting the alleged victim in the least restrictive manner. Defense counsel also submits that the risks associated with the Covid-19 pandemic creates complications towards holding in-person meetings with defendant to review this discovery.

The Government opposes defendant's request in the interest of protecting the privacy and security of the victim in this case. The Government maintains that good cause exists to restrict the materials covered by the protective order from being possessed by

defendant. The Government states that if defendant were to disseminate the protected materials, it would place the victim in danger in a way that defendant could not achieve by merely knowing the victim's name. The Government has also filed a sealed *ex parte* affidavit which provides additional rationale for continued protection of these documents and recordings. The Government does consent to modifying the protective order to remove the "for attorney's eyes only" restriction, thus allowing defendant to review the protected materials with his counsel, but not possess them.

The Court concludes that the Government has established good cause under Rule 16(d) for the continued protection of these documents and records. It particularly notes the risks associated with dissemination of the materials. Thus, the Court finds that the protective order should be modified to allow defendant to view the materials, as consented to by the Government, but will not allow defendant to possess or retain any of the protected materials. Accordingly, an amended protective order will be issued.

2. *Motion to Compel Disclosure of Brady/Giglio Material*

Defendant moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady, Giglio* and their progeny.[2] (Dkt. No. 27, pgs. 8-11). "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the Government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

4

Defendant's specific requests for *Brady* material include (1) any reports of investigation into the alleged victim, including any contributory role in the alleged offense; (2) any written or recorded statements of the alleged victim that constitute impeachment material under *Giglio*; (3) any evidence of actions of the victim on September 13, 2019, which prompted the alleged actions of defendant; and (4) any information calling into question the alleged victim's credibility or accuracy of his recollection of events, including that he "became heavily intoxicated and did not recall much of the evening," as referenced in the criminal complaint. Defendant contends that information about the victim's recollection of his initial conversation with defendant while he was intoxicated is critical to the defense and should be subject to immediate disclosure under *Giglio*, as opposed to Jencks Act timing for non-exculpatory evidence relevant only to witness impeachment.

In its written response, the Government submits that it is mindful of its obligations and will provide *Brady* and *Giglio* material but maintains that is not currently in possession of any material exculpatory information requiring disclosure at this time. It notes that the victim's admission that he was intoxicated from heavy drinking has already been disclosed to the defendant through the criminal complaint. At oral argument on defendant's pretrial motions, the Court directed the Government to produce for *in camera* inspection the FBI reports and notes containing the victim's statements for determination of whether they contain *Brady* or *Giglio* material subject to disclosure consistent with *Coppa*. The Government produced the statements to the Court as directed and, while maintaining that the reports do not contain inconsistent statements of the victim, the Government has agreed to provide these reports and notes to the defendant subject to redaction of the victim's name and identifying information, and under the terms of the

amended protective order discussed above. Thus, the Government agrees only to disclosure of this evidence for review by defendant in the presence of his attorney and with a prohibition against defendant making, receiving, or possessing copies of the materials.

Given the Government's representations and agreement to produce the above-described evidence, defendant's motion to compel the production of *Brady/Giglio* material is denied as moot. Consistent with *Coppa*, the Government is reminded of its continuing obligation to timely disclose any *Brady* and *Giglio* material to defendant. *See United States v. Padovani*, 2016 WL 5402696, at *4 (W.D.N.Y. Sept. 28, 2016).

3. *Disclosure of Informant Identities*

Defendant moves for disclosure of the identities of all informants used by the Government in the course of its investigation. (Dkt. No. 27, pgs. 11-12). Defendant also seeks potential impeachment material as to these individuals. (*Id.*) The Government objects to this request on the grounds that defendant has not shown a particularized need for this information.

The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. *See Rovario v. United States*, 353 U.S. 53, 60-62 (1957) (the purpose of the privilege is to encourage citizens to report criminal activity). The informant's privilege must give way, however, if disclosure is essential to a defense or the fair determination of the case. *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is significant to determining defendant's guilt or innocence. *See United States v. Jimenez*,

789 F.2d 167, 170 (2d Cir. 1986) (explaining that defendants face a "heavy burden" of establishing that disclosure is essential to the defense); *Lilla*, 699 F.2d at 105 ("this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial"); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 871 (1982) (defendant need not show that the informant's testimony would actually be helpful to the defense, but instead "the events to which a witness might testify, and the relevance of those events to the crime charged").

Defendant has not provided any specific reasons as to why informant or witness identities are material or necessary to his defense. He does not offer an explanation of what the these individuals might testify about, nor does he establish its relevance to the crimes charged here. Instead, defendants make general statements that disclosure of informant information is necessary for the preparation of their defenses for trial. This is insufficient to meet the burden. If and when an informant is to be called as witnesses at trial, defendant will have access to his or her identity as well as all relevant impeachment material, prior statements, and notes of their interviews. In addition, if an informant reveals exculpatory information at any time, the Government has an ongoing duty to disclose this information in time for its effective use at trial. Thus, defendant's motion for disclosure of informant information is denied.

4.     *Rule 16 Discovery and Rule 12 Notice*

Defendant moves for discovery and inspection pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Dkt. No. 27, pgs. 12-14). Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to

7

```
```

discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702, 703 and 705. *See* Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Defendant acknowledges that he has already received voluntary discovery from the Government but makes the following additional requests: (1) audio and video recordings not yet turned over; (2) photographs; (3) federal and state police reports; (4) reports and rough notes documenting interactions between law enforcement and defendant; (5) any *Miranda* waiver form utilized, whether signed or not; (6) any consent form utilized, whether signed or not; (7) expert witness identities and reports; (8) written or recorded statements of the defendant; (9) rough notes; and (10) search and arrest warrants.

In response, the Government states that it has fully complied with its obligations under Rule 16. The Government affirms that it has already provided defendant with substantial voluntary discovery and that it will continue to provide any additional discoverable materials that become available. The Government objects to defendant's

8

discovery demands to the extent that they are moot, premature, or request material beyond the scope of the Government's discovery duties.

Based upon the representations made by the Government, and consistent with the Court's directives described above, defendant's request for discovery pursuant to Rule 16 is denied as moot. The Government is reminded that its disclosure obligations continue up through and during trial. See Fed. R. Crim. P. 16(c).

Defendant also moves for notice of intention to use evidence against defendant at trial pursuant to Rule 12 of the Federal Rules of Criminal Procedure. The Government has provided notice that it intends to use all items defendant has been provided with or made aware of in accordance with Rule 12(b)(4)(a). Therefore, this branch of defendant's discovery motion is also denied as moot.

5.   *Rules 404(b), 608, and 609 Evidence*

Defendant moves for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 27, pgs. 14-15). Defendant also moves for pre-trial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id.*) The Government states that it will provide reasonable notice in advance of trial of the general nature of prior uncharged crimes that it intends to use at trial under Rule 404(b). It further submits that it has no obligation to provide pre-trial notice of impeachment evidence under Rules 608 and 609 but states it will provide notice at the time it is ordered to do so by the trial court. The Government has preliminarily notified defendant it intends to use all prior criminal conduct, acts, or wrongs pursuant to Rule 404(b). The Government states that

should it become aware of additional Rule 404(b), Rule 608, or Rule 609 evidence, it will notify defendant in advance of trial.

The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. See Fed. R. Evid. 404(b). Rule 608 of the Federal Rules of Evidence does not contain the same pre-trial notice requirement. Based upon the Government's representation that it will disclose bad act or impeachment evidence prior to trial, defendant's motion is denied as moot. The Court instructs that any disclosure should be done in accordance with the District Court's pre-trial order. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608, and 609 is left to the determination of the District Court at the time of trial.

6.   *Early Disclosure of Witness Statements and Jencks Act Material*

Defendant moves for early disclosure of witness names and statements prior to trial. (Dkt. No. 27, pgs. 16-18). The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the Government, on motion of defendant, disclose a Government witness's prior statements that are in the Government's possession and relate to the subject matter of the witness's direct testimony. *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the

grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. See 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material sufficiently prior to trial to allow defendant adequate time to prepare and, in accordance with the District Court's pre-trial order, to permit the Court to conduct the trial in an orderly and efficient manner. In light of these representations, defendant's request for early disclosure of witness statements are denied as moot.

7.   *Preservation of Rough Notes*

Defendant moves for an order requiring all federal, state or local agents and officers to retain and preserve all rough notes taken in the course of the investigation. (Dkt. No. 27, pgs. 18-19). The defendant further requests that the Government preserve notes made by Government witnesses, including state and local authorities, in the event they later become discoverable. (*Id.*). The Government maintains that it will endeavor to maintain these materials, should they exist, but also objects that this motion includes material that may exceed the Government's obligation under 18 U.S.C. 3500 and Fed. R. Crim. P. 26.2. The Court grants defendants' motion and the Government is directed to preserve all rough notes and items of evidence. See *United States v. Jones*, 2014 U.S. Dist. LEXIS 84452, at *16 (W.D.N.Y. May 29, 2014), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 84023 (W.D.N.Y. June 19, 2014) (quoting *United States v. Coates*, U.S. Dist. LEXIS 105689, 2013 WL 3897484, at *5 (W.D.N.Y. July 29, 2013)).

8. *Leave to File Additional Motions*

Defendants also moves to preserve his right to make further and additional motions. (Dkt. No. 27, pg. 19). To the extent defendant intends to bring motions based upon new rulings, information or evidence, his requests for leave to file additional motions are granted. To the extent defendant intends to bring motions concerning issues that could have been raised prior to the previous motion deadline, defendant's request is denied without prejudice to bringing the motion upon a showing of good cause for the untimely filing.

9. *Government's Request for Reciprocal Discovery*

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of the defendant and which the defendant intends to introduce as evidence at trial, as well as the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case. (Dkt. No. 28, pg. 22). The Government's motion for reciprocal discovery is granted, and defendant is reminded that his disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

**CONCLUSION**

For the foregoing reasons, defendant's pre-trial motions (Dkt. No. 27) are decided in the manner set forth above, and the Government's request for reciprocal discovery (Dkt. No. 28) is granted.

**SO ORDERED**.

Dated:      March 3, 2021
            Buffalo, New York

_____
HON. MICHAEL J. ROEMER
United States Magistrate Judge