IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                  20-CR-133-LVJ-MJR

DEMARIO CASTRICONE,

            Defendant.

---

### GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE MICHAEL J. ROEMER

**THE UNITED STATES OF AMERICA**, by and through its attorneys, James P. Kennedy, Jr., United States attorney for the Western District of New York, Nicholas T. Cooper, Assistant United States Attorney, of counsel, hereby files its response to the defendant's objection (Dkt. 35) to United States Magistrate Judge Michael J. Roemer's Report and Recommendation, dated March 3, 2021 (Dkt. 33), denying the defendant's motion to modify the protective order and granting the government's proposed modified protective order.

### I.  BACKGROUND AND PROCEDURAL HISTORY

The defendant is charged by indictment on September 9, 2020 with two counts related to violations of Title 18, United States Code, Section 1343 (Wire Fraud) and Title 18, United States Code, Section 1952(a)(3) (Travel Act). The indictment addresses an extortion scheme beginning on September 13, 2019 and continuing until on or about December 19, 2019. The victim was a regular at a local bar where the defendant worked in a security capacity. During

a night of heavy drinking, the victim confided to the defendant that his wife was having an affair. The next day, the defendant communicated with the victim by cellular telephone and falsely represented to the victim that the defendant had hired "Muscle" to "take care of" victim's spouse's partner (Individual 1). The defendant described "Muscle" as a dangerous individual with multiple felony convictions. The defendant made a series of deceitful representations to the victim to obtain payments from the victim for the purpose of canceling the fake plan to harm Individual 1. During this ongoing scheme, the defendant obtained four payments from the victim totaling $18,000.

The defendant was initially charged by Criminal Complaint on January 13, 2020. During this case, the government has provided substantial voluntary early discovery, with the understanding between the parties that the disclosed materials would be subject to a protective order. The protective order, agreed to by the parties and issued by the Court (Dkt. 5), ordered that the redacted FBI FD 1023s, text communications between the defendant and the victim/confidential source, and the consensual recordings between the defendant and the victim/ confidential source "shall be used by counsel for the defendant and are provided for attorney's eyes only except that, in the event the defendant is indicted for conduct underlying the charges set forth in the criminal complaint, then counsel for the defendant may move to modify this protective order." Dkt. 5 at pg 2.

After indictment, the defendant filed an Omnibus Motion on January 4, 2021, moving, in part, to modify the existing protective order to allow the defendant to personally receive copies of protected documents and recordings. Dkt. 27 at pgs 4-8. The government opposed the defendant's motion and proposed its own amended protective order permitting the

defendant to view the protected materials under the supervision of his attorney but preventing him from retaining copies of the material. Dkt. 28 at pgs 8-11. The government also submitted an *ex parte* filing[1] (Dkt. 29), under seal, proffering additional information to Magistrate Judge Roemer about how allowing the defendant to possess copies of the protected documents would jeopardize the victim's safety. The Court held oral argument on February 17, 2021. On March 5, 2021, the Court issued a Report and Recommendation (R&R) in which the Magistrate Court denied the defendant's motion to amend the protective order. Dkt. 33. The Court granted the government's proposal for an amended protective order allowing the defendant to review the materials under the supervision of his attorney but preventing him from possessing and retaining copies of the materials. Dkt. 33. On March 5, 2021, the Court signed the Amended Protective Order. Dkt. 34.

On March 19, 2021, the defendant filed objections to the Court's R&R. Dkt. 34. The government's response to the defendant's objections is contained herein. The government respectfully requests that this Court adopt Judge Roemer's recommendations.

## II.  STANDARD OF REVIEW

Title 28, United States Code, Section 636(b)(1)(A) enables the Magistrate Court, upon referral, to adjudicate non-dispositive matters, that is, "any matter that does not dispose of a charge or defense." See Fed. R. Crim. P. Rule 59(a).  This Court may reconsider orders of

---

[1] Defense counsel was made aware that the government submitted a filing to the Court *ex parte* and under seal providing additional sensitive information to the Court supporting the government's position. The filing was mentioned in Dkt. 28 at footnote 2. Defense counsel also emailed the government on January 27, 2021 requesting a copy of the sealed *ex parte* filing. This request was denied. The affidavit was properly submitted *ex parte* and under seal pursuant to Federal Rules of Criminal Procedure: Rule 16(d)(1).

the Magistrate Court on such matters "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." See § 636(b)(1)(A). Under Local Rule 59(c)(1), "[t]he specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections."

Title 28, United States Code, Section 636(b)(1)(B) enables the Magistrate Court, upon referral, to conduct hearings and submit to this Court proposed findings of fact and recommendations of law for dispositive matters, including motions to suppress evidence. The same section requires the District Court to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, or modify, in whole or in part, the finding or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions. See § 636(b)(1)(C). In making its independent determination, "[i]t is sufficient that the district court 'arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made . . . .' To this end, the court must 'exercise . . . sound judicial discretion with respect to whether reliance should be placed on [the magistrate's] findings.'" Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y 1985) (internal citations omitted).

### III.  ARGUMENT

The Court should adopt Magistrate Judge Roemer's finding that the government established good cause under Rule 16(d) for the continued protection of the documents and records under the protective order. Dkt. 33 at pg 3. Magistrate Judge Roemer summarized the government's arguments, and particularly noted the risk associated with dissemination of

4

the materials. Dkt. 33 at pg 3. The defense has objected to Magistrate Judge Roemer's determination that the government established good cause to restrict the defendant from maintaining copies of the discoverable materials outside of the presence of his attorney. Dkt. 35 at pg 2.

With respect to protective orders, Rule 16(d)(1) grants the Court wide discretion, stating "at any time the Court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Advisory Committee's Notes (1974 amendments) states "although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Applying the "good cause" standard requires courts to balance several interests, including whether dissemination of the discovery materials inflicts "hazard to others," and whether "the imposition of the protective order would prejudice the defendant." Dkt. 33 pgs 2-3 (quoting United States v. Smith, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) (internal citations and quotations omitted)). Good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." Dkt. 33 pg 3 (quoting In re Terrorist Attacks on September 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)). As the party seeking the protective order, the government bears the burden of showing good cause in this instance. Dkt. 33 pg 3 (quoting In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987)). In United States v. Patkar, the court considered the Crime Victims' Rights Act (CVRA) as it applies to the issuance of a protective order and held that

> [the victim] thus has an unquestionable right to be treated with fairness and with respect for his dignity and privacy. Congress, in effect, has determined that failure to treat a victim with fairness and with respect to privacy works a clearly defined and serious injury to the

5

> victim. This right fully supports a finding of good cause to limit disclosure of [the victim's] documents.

No. 06-00250, 2008 WL 233062, at *5 (D. Haw. Jan. 28, 2008).

In the instant case, the government has turned over materials that extend well beyond the scope of Rule 16. The government has made available, subject to the protective order, FBI FD 302s, FD 1055s, an FD 1057, phone records, photographs, redacted FBI 1023s (victim/confidential source reporting documents), redacted FBI agent handwritten notes, text communications between the defendant and victim/confidential source, consensual recordings, and transcripts of recorded conversations between the defendant and victim/confidential source. The government has also made available for review, an audio/video recording of an interaction between the defendant and the victim/confidential source. On March 30, 2021, the audio/video recording was turned over to defense counsel subject to the Amended Protective Order.

Here, there exists good cause to restrict possession of the materials covered by the protective order. In this case, there is an identifiable victim. If the defendant were allowed to possess the materials and chose to share them with others or release them in some manner, the identifiable victim's safety would be severely jeopardized.[2] Dissemination of the protected materials, could allow the victim to be endangered in a way that the defendant could not achieve by merely knowing the victim's name. Furthermore, the government has proffered additional supportive information in its *ex parte* filing, see Dkt. 29, for preventing the

---

[2] See the government's *ex parte* sealed filing (Dkt 29) proffering additional information about how this could jeopardize the victim's safety. The government derives authority to proffer this information to the court *ex parte* pursuant to Federal Rules of Criminal Procedure: Rule 16(d)(1), "the court may permit a party to show good cause by a written statement that the court will inspect ex parte."

6

defendant from retaining or possessing copies of the protected documents outside of the presence of his attorney.

The defendant counters that the government has not set forth any concrete reasons to support the Magistrate Court's finding of good cause and that the government has failed to demonstrate a "clearly defined, specific and serious injury". Dkt. 35 pg 3. The defendant is mistaken. The government, in its *ex parte* filing (Dkt. 29), has established the existence of a clearly defined, specific and serious injury risk posed to the victim if the defendant were to disseminate the protected materials. Rule 16(d)(1) specifically contemplated situations where the information to be proffered in support of a protective order would, by its very nature, need to be proffered to the Court *ex parte*. Upon review of Dkt. 29, the Court should adopt Magistrate Judge Roemer's finding that "the government has established good cause under Rule 16(d) for the continued protection of these documents and records" particularly due to the risks associated with dissemination of the materials. Dkt. 33 pg 4.

The defendant also renews his argument that because he already knows the identity of the victim, there is no reason to prevent him from possessing the materials. The defendant misses the mark. The risk that the victim's personal safety would be jeopardized is significantly greater if the defendant were able to corroborate his assertion that the victim is a cooperator with the protected documents and records, including the audio/video recording depicting the victim's face and voice. This threat to the victim is further described in Dkt. 29. The Court should not give the defendant the tools to pose a *greater* threat to the victim's safety, merely because the defendant already poses a threat to the victim's safety by knowing the victim's identity. The Court should also consider the realities of the social-media-driven age

in which we currently exist. Because of the vast reach and permanency of social media and the internet, the defendant, by disseminating the materials on social media or other internet platforms, would violate the victim's personal security and jeopardize the victim's safety in way that he could not by merely knowing the victim's identity. Dkt. 29 discusses this further.

The Court should also consider whether the imposition of the protective order prejudices the defendant. In the instant matter, the government has proposed compromises to permit the defendant to access the protected materials while still accounting for the safety and security of the victim. One such compromise was memorialized in the Amended Protective Order (Dkt 34) proposed by the government and signed by Magistrate Judge Roemer, removing the "attorney's eyes only" provision from the initial protective order and granting the defendant the ability to review the discovery with his attorney. Although the Amended Protective Order was implemented on March 5, 2021, that is not when its terms were first made available to the defendant. In fact, on September 24, 2020, the government proposed[3] to remove the "attorney's eyes only" provision and enter in an amended protective order allowing the defendant to review the protected materials in the presence of his attorney. The defendant rejected this proposal, demanding to possess copies of all the discovery. The Magistrate Court ultimately imposed the Amended Protective Order over the defendant's objections. The defendant has complete access to review every piece of discovery (including the Jencks/3500 material disclosed which goes beyond the scope of Rule 16) at his attorney's office. The defendant has expressed no reasonable explanation for how he is prejudiced by reviewing the materials in the presence of his attorney. The government, on the other hand,

---

[3] This was via email from the government to defense counsel, sending a copy of the proposed Amended Protective Order. The defendant's rejection, through his attorney, was also via email.

has spelled out good cause for requiring that such review be in the presence of the defendant's attorney. In balancing the threat posed to the victim against the prejudice to the defendant, the Court should find that the Amended Protective Order reflects a responsible and fair compromise.

## IV.  CONCLUSION

The government's proffered information, including the information in the *ex parte* affidavit, has established "good cause" to merit the terms of the Amended Protective Order restricting the defendant from retaining copies of the protected materials. This Court should adopt Magistrate Judge Roemer's finding that the government has established good cause under Rule 16(d) for the continued protection of these documents and records. Dkt. 33 pg 4.

DATED:  Buffalo, New York, April 2, 2021.

                                              JAMES P. KENNEDY, JR.
                                              United States Attorney

BY:   s/NICHOLAS T. COOPER
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5830
        Nicholas.Cooper@usdoj.gov